Rachel BLACKBURN, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–SC–000537–MR.

Supreme Court of Kentucky.

Dec. 22, 2011.

Steven Jared Buck, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Micah Brandon Roberts, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

A Lawrence Circuit Court jury found Appellant, Rachel Blackburn, guilty with respect to two counts of first-degree trafficking in a controlled substance. The jury also found her to be a second-degree persistent felony offender (PFO). For these crimes, Appellant received a forty-year prison sentence. She now appeals as a matter of right, Ky. Const. § 110(2)(b), alleging that the trial court erred by failing to impanel a new jury and by entering an illegal term of imprisonment.

## I. BACKGROUND

On August 27, 2007, a Lawrence County grand jury rendered two separate indictments, each charging Appellant with one count of first-degree trafficking in a controlled substance. The charges arose from Appellant selling Roger Salyers, an informant for Operation UNITE, two 30 milligram morphine pills on March 8, 2007 and one 30 milligram morphine pill on March 13, 2007. Both transactions were captured via a video recording device worn by Salyers. At the time of the incidents in question, Appellant was out of prison on parole, as she had not served the entire 18 month sentence on a previous felony conviction.

At trial, the jury found Appellant guilty on both trafficking counts and recommended a sentence of ten years imprisonment for each conviction, and that the sentences run consecutively. Thereafter, the jury also found Appellant guilty of being a second-degree PFO and recommended a twenty-year sentence for each conviction. The trial court entered the sentences recommended by the jury and ran the sentences consecutively for a total sentence of forty years' imprisonment.[1] This appeal followed.

## II. ANALYSIS

### A. Tainted Jury Pool

Appellant contends that the trial court erred when it did not impanel a new jury after two jurors answered questions in open court without being isolated from the other prospective jurors, thus tainting the remaining jury panel. Conceding this issue was unpreserved,[2] Appellant requests palpable error review pursuant to RCr 10.26.[3] We find no error, palpable or otherwise.

Our precedent provides that a defendant must show actual or implied prejudice which tainted the jury pool. *Shegog v. Commonwealth*, 142 S.W.3d 101, 110 (Ky. 2004). The trial court must then exercise discretion in determining improper tainting of a panel of prospective jurors. *Maxie v. Commonwealth*, 82 S.W.3d 860, 862 (Ky.2002).

---

1. At sentencing, the trial court noted that that the jury recommended Appellant's sentences be served consecutively when it entered a total sentence of forty years' imprisonment. However, our review of the video record indicates that the jury only recommended that the ten year sentences for imprisonment as to each trafficking conviction run consecutively before finding Appellant guilty of being a second-degree PFO and recommending a twenty-year sentence for each conviction; the jury did not consider whether the enhanced, twenty-year sentences should be served consecutively or concurrently.

2. Defense counsel did not object to any of the allegedly prejudicial answers given by either of the jurors.

3. RCr 10.26 reads:

   A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

Here, the trial court asked members of the jury pool whether any of them were acquainted with Appellant. In front of the rest of the jury pool, one potential juror said, "I was a social worker in the state of Kentucky for thirty years. But it's been like twenty-something years ago I was her case worker." However, he did not explain why Appellant needed a social worker and confirmed that their relationship would not make it difficult for him to try the case fairly. Neither party moved to strike this juror from the pool.

A short time later, another potential juror, again in front of the rest of the pool, acknowledged his acquaintance with Appellant. This juror stated, "I'm a police officer here in town. I know [Appellant]." The trial court subsequently excused the juror when he said he could not try the case solely on the evidence presented. However, at no point did this juror elaborate on the nature of his relationship with Appellant.[4]

We do not consider either of the responses given by the jurors to be prejudicial. The "social worker" juror did not explain why Appellant needed a social worker, while the "police officer" juror did not elaborate on the nature of his relationship with Appellant. Simply put, the prospective jurors did not convey enough information about their involvement with Appellant which could conceivably yield actual or implied prejudice amongst the jury pool. Accordingly, we cannot say the trial court abused its discretion in declining to dismiss the pool and impanel a new jury.

Because the trial court did not abuse its discretion with respect to its management of the jury pool, we affirm Appellant's convictions.

### B. Illegal Term of Imprisonment

■ Appellant's next argument, which is unpreserved, is that her forty-year sentence violates the statutory maximum provided by law. As noted, the trial court sentenced Appellant to ten years' imprisonment for each trafficking count, enhanced each count to twenty years based upon her persistent felony offender status, and then ran the sentences consecutively for a total sentence of forty years. We review for palpable error. RCr 10.26.

When Appellant committed her offenses, trafficking in a controlled substance in the first degree was a Class C felony, with a maximum term of imprisonment of ten years. *See* KRS 218A. 1412(2) (2007)[5] ("Any person who violates the provisions of subsection (1) of this section shall: (a) For the first offense be guilty of a Class C felony, (b) For a second or subsequent offense be guilty of a Class B felony."); KRS 532.060(2)(c) ("[T]he authorized maximum term[ ] of imprisonment for [a Class C felony is] ... ten (10) years."). When that sentence is enhanced by second-degree persistent felony offender status, the maximum possible term becomes twenty years. *See* KRS 532.080(5) ("A person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment pursuant to the sentencing provisions of KRS 532.060(2) for the next highest degree than the offense for which convicted."); KRS 532.060(2)(b) ("[T]he authorized maximum term[ ] of imprisonment for [a Class B felony is] ... twenty (20) years.").

---

4. In her brief, Appellant argues that, "[w]hen the police apprised the pool that Appellant was a problem in the community, the harm was done." However, there is no indication in the record that the juror described Appellant as a problem in the community.

5. The statute was amended in 2011, but this change does not affect the matter before us.

Appellant contends that her consecutive sentence contravenes the maximum aggregate duration allowed by KRS 532.110(1), which provides, in pertinent part:

When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed.

Because the maximum length authorized by KRS 532.080 for a Class C felony as enhanced is twenty years, Appellant posits that the trial court erred by entering an aggregate consecutive sentence doubling that amount. In further support, Appellant directs us to *Gibbs v. Commonwealth*, 208 S.W.3d 848, 855 (Ky.2006), *overruled on other grounds by Padgett v. Commonwealth*, 312 S.W.3d 336 (Ky.2010), in which this Court discussed KRS 532.110(1)(c) and noted that, "[i]f the offense for which [a defendant] presently stands convicted is a Class C felony or Class D felony, a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years." (*quoting* KRS 532.080(6)(b)). According to Appellant, a defendant adjudged to be a second-degree persistent felony offender should not be subject to more time than the law allows a first-degree persistent felony offender with the same underlying crimes.

The Commonwealth responds that Appellant's sentence was proper because she was on parole when she engaged in trafficking in a controlled substance. According to the Commonwealth, there is no indication that the defendant in *Gibbs* was on probation or parole at the time of the offenses committed therein. As a result, the Court's decision in that case did not discuss the interplay between KRS 532.110(1)(c) and KRS 533.060(2), which states:

When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

Rather than rely on *Gibbs*, the Commonwealth argues that we should instead follow our decisions in *Devore v. Commonwealth*, 662 S.W.2d 829 (Ky.1984) and *Peyton v. Commonwealth*, 253 S.W.3d 504 (Ky.2008), and thus hold that the trial court did not err in sentencing Appellant in excess of the aggregate cap.

In *Devore*, this Court concluded that KRS 533.060(2) modifies the maximum aggregate duration allowed by KRS 532.110(1) and thus held that all sentences must be run consecutively with one another when the offenses were committed while the offender was on parole:

With respect to KRS 533.060(2), the General Assembly further addresses the problem of the felons who commit subsequent felonies *while on parole*, when such a circumstance occurs, two things

(according to the statute) occur: (1) The defendant shall not (for the subsequent felony) be eligible for probation, shock probation or conditional discharge, and (2) The length of the persons [sic] sentence (again, for the subsequent felony conviction) *shall not run concurrently* with any other sentence. By obvious inference, the General Assembly has said that the prison sentence (for the second felony conviction) *shall be run consecutively.* The General Assembly has rather clearly shown its intention to provide stiff penalties for convicted and paroled felons who commit subsequent felonies while on parole. Parole is, of course, a very special privilege given to prisoners who have evidenced to the parole board, by their conduct and their verbiage, their reliability to have their sentence served out of prison and to comply with whatever condition the board may attach. The General Assembly obviously felt that those parolees who violate this trust by the commission of a felony shall be forced to suffer penalties. Viz—not being eligible for probation, etc., and *not having their* subsequent sentences served concurrently. To argue that the maximum sentence provision of KRS 532.110(1)(c) is applicable to this subsequently enacted, purposeful statute simply is not correct. The singling out of paroled felons for the special treatment set out in KRS 533.060(3) mandates us to rule that the maximum sentence provision of KRS 532.110(1)(c) is not applicable to those individuals who fall within the terms of KRS 533.060(3).

662 S.W.2d at 830–831. In so doing, the Court noted that the General Assembly enacted KRS 532.110(1)(c) in 1974 and subsequently enacted KRS 533.060(2) in 1976. *Id.* at 830.[6]

In *Peyton,* 253 S.W.3d at 511 (Ky.2008), we explicitly overruled *Devore* to the extent that it "require[d] all subsequent sentences for crimes committed while on probation or parole to be run consecutively to *each other.*" We considered the *Devore* mandate to be problematic in that it might yield "incongruous and excessive sentencing results" and conflicted with the obligation of the jury to "recommend whether the sentences shall be served concurrently or consecutively":

> The judiciary is duty-bound to maintain credibility with the jurors of this Commonwealth. As a matter of policy, the Commonwealth's courts should not instruct a jury that they have options in relegating a sentence for a criminal defendant, and then take these options away. It is incumbent upon this Court to ensure that the People have confidence in their judiciary. Therefore, if we instruct the jury that they have the power to recommend a sentence with one hand, and then take that decision

---

6. The Court also considered the impact of KRS 532.110(3), which was enacted contemporaneously with KRS 532.110(1)(c) and read as follows;

> When a defendant is sentenced to imprisonment for a crime committed while on parole in this state [which appellant was] such term of imprisonment and any period of reimprisonment that the board of parole may require the defendant to serve upon the revocation of his parole shall run concurrently, *unless the court orders them to run consecutively.* (Emphasis added.)

*Devore,* 662 S.W.2d at 830. According to the Court, "KRS 532.110(3) and KRS 533.060(2) ... single[d] out and authorize[d] special treatment to those felons who commit felonies *while on parole.* In KRS 532.110(3) when a defendant commits *any crime* while on parole, *the parole board* may direct that additional time may be served, and in such event, that time shall run concurrently, *unless the sentencing* court (in the case of the second crime) shall order the sentences to run consecutively."

away from them with the other, we have failed in our task to uphold the mandates and ideals of our Constitution.

*Id.* at 510–511; *see also* KRS 532.055(2) ("The jury *shall* recommend whether the sentences shall be served concurrently or consecutively.") (emphasis added). As a result, we held that, ["i]n the instance of multiple-count subsequent felony offenses committed while on probation or parole, ... these subsequent offenses may be run either consecutively or concurrently, at the court's discretion." *Peyton,* 253 S.W.3d at 511.

*Peyton,* though, did not resolve whether the trial court's discretion in such matters supersedes or is subject to the maximum aggregate duration allowed by KRS 532.110(1). Because the jury sought to impose a punishment that would have been permissible under KRS 532.110(1),[7] we declined to address the interplay between KRS 532.110(1)(c) and KRS 533.060(2):

> [I]n the present instance, had the trial court properly applied *Devore*'s interpretation of the statute, Appellant would have received a forty-eight year sentence in addition to the reinstated sentence for which he was on parole. *While we refrain from passing judgment as to whether this sentence is fitting,* it is clearly not the eighteen-year sentence which the jury intended to assign.

*Id.* at 510 (emphasis added).

Although our decision in *Peyton* did not address the interplay between KRS 532.110(1)(c) and KRS 533.060(2), we did agree with *Devore*'s recognition "that the

legislature's intent [in enacting KRS 533.060(2)] was to strengthen the ramifications for repeat offenders and those who have betrayed the position of trust they have been afforded by a grant of parole or probation." *Id.* at 509. However, we felt that "*Devore* sought to interpret this legislative intent with a much heavier hand than the statute, the legislature or the jails and prisons of this Commonwealth could have ever envisioned." *Id.* Moreover, we expressed satisfaction with Justice Leibson's interpretation of KRS 533.060(2) as articulated in his dissent in *Devore:*

> [W]e now hold that the logic espoused by Justice Leibson in his dissent provides an inherently more practical understanding of the statute. "A reasonable interpretation of the phrase 'with any other sentence,' (KRS 533.060(2)) is that 'any other sentence' means only the unserved portion of the sentence for the felony for which probation or parole should be revoked." *Devore,* 662 S.W.2d at 831 (Leibson, J., dissenting). This viewpoint interprets the language, "shall not run concurrently with any other sentence," in KRS 533.060(2) as meaning any other sentence previously imposed.

*Id.* at 511.

Based upon the foregoing, we do not believe that KRS 533.060(2) modifies the maximum aggregate duration allowed by KRS 532.110(1); such an interpretation would "take[ ] the phrase 'with any other sentence' and extend[ ] it beyond the context and statutory framework where it is found." *Devore,* 662 S.W.2d at 831 (Leib-

---

**7.** The appellant was convicted of three counts of trafficking in a controlled substance, which were committed while he was on parole. *Peyton,* 253 S.W.3d at 508. The jury then recommended sentences of seven, eight, and nine years for the three counts, doubled each count due to the appellant's persistent felony offender status, and ran the sentences concur-

rently so that he would serve a total of eighteen years. *Id.* at 509. The trial court—not the jury—subsequently "concluded the sentences for the two counts in the first indictment should run concurrently, but the sentence for the count in the second indictment should run consecutively to the first indictment." *Id.*

son, J., dissenting); *see also* KRS 533.060(2) ("When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole ... and is convicted or enters a plea of guilty to a felony committed while on parole, ... the period of confinement for that felony shall not run concurrently *with any other sentence* ") (emphasis added). We agree with the interpretation of KRS 532.110 as enunciated by Justice Leibson's dissent:

> It is difficult to maintain that [KRS 532.110] does not mean what it says in these circumstances. It says "the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." In this case it means that the aggregate of consecutive indeterminate sentences shall not exceed twenty (20) years.

*Id.* at 832. Although "the Commonwealth's courts should not instruct a jury that they have options in relegating a sentence for a criminal defendant, and then take these options away," *Peyton,* 253 S.W.3d at 511, jurors are nonetheless bound to "determine the punishment to be imposed *within the range provided elsewhere by the law.*" KRS 532.055(2) (emphasis added). And KRS 532.110(1)(c) sets forth such an unambiguous range— "[t]he aggregate of consecutive indetermi-

nate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed."

Accordingly, we hold that KRS 533.060(2) does not modify KRS 532.110(1) so that subsequent offenses run consecutively may exceed the maximum aggregate duration allowed by KRS 532.110(1)(c). To the extent *Devore* states otherwise, it is overruled.[8] While "the discretion remains with the jury to recommend consecutive ... treatment," *Peyton,* 253 S.W.3d at 511 (*citing* KRS 532.055(2)), the aggregate of such treatment cannot surpass the range provided by KRS 532.110(1)(c). However, we again reiterate "that the court may not run these subsequent convictions concurrent with the paroled offense." *Peyton,* 253 S.W.3d at 511 (*citing* KRS 533.060(2)).

Here, the trial court incorrectly entered a total sentence of forty years based upon the jury's earlier recommendation that Appellant's sentences should all run consecutively. Because the maximum length authorized by KRS 532.080 for an enhanced Class C felony is twenty years, the aggregate of Appellant's consecutive sentences (for the multiple subsequent offenses) could not exceed that amount.[9] KRS 532.110(1)(c). Moreover, while Appellant "failed to contemporaneously object to the improper sentence, we nevertheless find that the erroneous sentence was injurious

8. Our decision to overrule *Devore* applies with equal force to those opinions applying its holding that KRS 533.060(2) modifies KRS 532.110(1) so that subsequent offenses run consecutively may exceed the maximum aggregate duration allowed by KRS 532.110(1)(c). *See Corbett v. Commonwealth,* 717 S.W.2d 831 (Ky.1986); *Page v. Commonwealth,* 149 S.W.3d 416 (Ky.2004).

9. Again, we note that the jury did not actually recommend the twenty-year sentences to be served consecutively. *See supra* note 1. Had

the trial court allowed the jury to consider whether Appellant's enhanced sentences should be served concurrently or consecutively, it should have then instructed them that they must reach a "separate verdict on your recommendation as to whether ... the sentences should be served concurrently or consecutively in whole or in part for a total sentence not to exceed [twenty] years." 1 Cooper, Kentucky Instructions to Juries (Criminal) § 12.17 (5th ed.2011).

to [her] substantial rights." *Peyton,* 253 S.W.3d at 512. (citations omitted). Accordingly, we vacate the forty-year sentence and remand for resentencing by the court, not the jury.[10] *Id.* (citations omitted).

## III. CONCLUSION

For the foregoing reasons, Appellant's convictions for trafficking in a controlled substance are affirmed. However, her forty-year sentence is vacated and this case is remanded to the trial court for further proceedings consistent with this opinion.

All sitting. ALL CONCUR.

---

**10.** We agree with the Commonwealth that resentencing by the trial court suffices for two reasons. First, the jury recommended that the ten-year sentences for imprisonment as to each trafficking conviction run consecutively, which would yield an aggregate twenty year sentence. Second, the jury recommended a twenty-year sentence for each conviction after finding Appellant guilty of being a second-degree PFO. In sum, the jury twice manifested a desire to impose a punishment that would have been permissible under KRS 532.110(1) had the trial court not run the twenty-year sentences consecutively for a total sentence of forty years' imprisonment. *See supra* note 1.