RENDERED: FEBRUARY 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0868-MR

DAVID CORBIN                                                APPELLANT

               APPEAL FROM ADAIR CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, SPECIAL JUDGE
                   ACTION NO. 19-CR-00097

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE: David Corbin, *pro se*, appeals from an order of the Adair Circuit Court which denied his Kentucky Rules of Civil Procedure (CR) 60.02 motion. In his motion, Appellant alleged that the trial court sentenced him to an illegal term of imprisonment. After reviewing the record and the arguments of the parties, we find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

From 2010 to 2016, Appellant was convicted and sentenced pursuant to multiple criminal indictments. All told, Appellant received a total sentence of fifteen years in prison. In November of 2017, Appellant was released from prison and put on parole. On May 9, 2019, Appellant was indicted for numerous additional crimes. He was eventually convicted of four Class D felony charges and he received a five-year sentence for each. The sentences were also ordered to run consecutively. These sentences were then enhanced pursuant to Appellant being a persistent felony offender in the first degree. Appellant was ultimately sentenced to a twenty-year term of imprisonment.[1] In addition, because Appellant was on parole when the new convictions occurred, his new sentence was mandated to be served consecutively with the prior fifteen-year sentence.[2] This resulted in Appellant being imprisoned for thirty-five years.

Appellant appealed his conviction to the Kentucky Supreme Court, which affirmed. *Corbin v. Commonwealth*, No. 2020-SC-0496-MR, 2022 WL 243937 (Ky. Jan. 20, 2022). Appellant did not raise a sentencing issue before that Court. In June of 2023, Appellant filed the underlying CR 60.02 motion in which

---

[1] This was the maximum term of imprisonment that Appellant could receive as will be discussed later in this Opinion.

[2] Kentucky Revised Statutes (KRS) 533.060(2).

he alleged his sentence of thirty-five years was illegal.  The trial court disagreed and denied the motion.  This appeal followed.

## ANALYSIS

Appellant's argument on appeal is that he should have only received a sentence of twenty years in prison as opposed to the thirty-five-year term he ultimately received.  We review a trial court's denial of a CR 60.02 motion for abuse of discretion.  *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021).

Appellant's argument revolves around the interpretation of three statutes and how they apply to each other.  The first statute is KRS 532.110, which states in pertinent part:

> (1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:
>
> . . .
>
> (c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed.

The next statute at issue is KRS 532.080, which states in relevant part:

(6) A person who is found to be a persistent felony offender in the first degree shall be sentenced to imprisonment as follows:

. . .

(b) If the offense for which he presently stands convicted is a Class C or Class D felony, a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years.

The final statute at issue is KRS 533.060(2), which states:

When a person has been convicted of a felony and is committed to a correctional detention facility and released on parole or has been released by the court on probation, shock probation, or conditional discharge, and is convicted or enters a plea of guilty to a felony committed while on parole, probation, shock probation, or conditional discharge, the person shall not be eligible for probation, shock probation, or conditional discharge and the period of confinement for that felony shall not run concurrently with any other sentence.

Appellant argues that when read together, these statutes require that he only receive a twenty-year sentence. Appellant was convicted of four Class D felonies. He received a sentence of five years for each felony and they were to be served consecutively with one another. These sentences were then enhanced to twenty years each pursuant to his status as a first-degree persistent felony offender. This would have resulted in a sentence of eighty years; however, KRS 532.110(1)(c) caps the number of years Appellant may receive.

When sentencing a defendant to multiple consecutive sentences, KRS 532.110(1)(c) limits the total number of years a defendant may receive to the "longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." KRS 532.080(6)(b) states that the maximum term for an enhanced Class D felony is twenty years. KRS 532.110(1)(c) and KRS 532.080(6)(b) explain why Appellant, who was given an eighty-year sentence, only received a twenty-year sentence.

The reason Appellant received a thirty-five-year sentence stems from KRS 533.060(2). As mentioned above, this statute mandates that any new sentence a defendant receives while on probation or parole must run consecutively with any previous sentences. In the case of Appellant, his twenty-year sentence was required to run consecutively with his previous fifteen-year sentence.

Appellant argues that, even though his two sentences were required to run consecutively pursuant to KRS 533.060(2), his multiple terms of imprisonment could not exceed twenty years pursuant to KRS 532.110(1)(c) and KRS 532.080(6)(b). In other words, even though he had thirty-five years to serve, this was an excessive term of imprisonment and should have been reduced to twenty years.

Appellant relies on the recent case of *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023), to support his argument. In *Kimmel*, David Kimmel

shoplifted from a Walmart in March of 2020. He was later released on bond pending trial. Six months later, Kimmel shoplifted from a Rural King. All charges from the two crimes were then tried together and he was convicted of four criminal counts and of being a first-degree persistent felony offender. The highest class of felony Kimmel was convicted of was a Class D. He was sentenced to two twenty-year terms of imprisonment and they were ordered to run consecutively, for a total term of forty years. Kimmel then appealed.

Kimmel argued on appeal that the forty-year sentence he received was illegal and should have been reduced to twenty years pursuant to KRS 532.110(1)(c) and KRS 532.080(6)(b). The Commonwealth argued that KRS 533.060(3) applied and the forty-year sentence was appropriate. KRS 533.060(3) states:

> When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

The Court held that Kimmel's sentences must run consecutively as required by KRS 533.060(3); however, they could not exceed the twenty-year maximum mandated by KRS 532.110(1)(c) and KRS 532.080(6)(b). *Kimmel*, 671 S.W.3d at 239.

Appellant argues that we should come to a similar conclusion and sentence him to a maximum term of twenty years in prison. We disagree. *Kimmel* involved KRS 533.060(3), but this case involves KRS 533.060(2); therefore, the two cases are distinguishable and we are not required to follow *Kimmel*. What we are required to follow is the case of *Blackburn v. Commonwealth*, 394 S.W.3d 395 (Ky. 2011). In that case, the Kentucky Supreme Court, citing KRS 533.060(2), made clear that courts must not run subsequent conviction sentences concurrent with paroled offense sentences. *Id.* at 401. The trial court relied on *Blackburn* in its order denying Appellant's CR 60.02 motion. We too must rely on *Blackburn* to affirm. "[A]n intermediate appellate court . . . is bound by established precedents of the Kentucky Supreme Court. [Kentucky Rules of the Supreme Court (SCR)] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court or its predecessor court." *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000) (citation omitted).[3]

## **CONCLUSION**

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Appellant's CR 60.02 motion. If Appellant believes the

---

[3] This Court recently held that *Blackburn* still controls in relation to maximum sentences and KRS 533.060(2) in the case of *Thornton v. Commonwealth*, No. 2018-CA-001421-MR, 2020 WL 2609966 (Ky. App. May 22, 2020).

holding in *Kimmel* should apply to his case, he must petition our Supreme Court to change its precedent.

ALL CONCUR.

BRIEF FOR APPELLANT:

David Corbin, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky