RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0104-MR

DOROTHY ASH                                              APPELLANT


                     APPEAL FROM DAVIESS CIRCUIT COURT
v.                          HONORABLE LISA P. JONES, JUDGE
ACTION NOS. 17-CR-00378, 18-CR-00894, 19-CR-00716, 19-CR-00846, 19-CR-00972, 19-CR-01036, 19-CR-01162, 20-CR-00326, 20-CR-00382, 21-CR-00032, 22-CR-00330, 22-CR-00332, & 22-CR-00334


COMMONWEALTH OF KENTUCKY                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Appellant, Dorothy Ash ("Ash"), appeals from an order of the Daviess Circuit Court denying her motion for relief from her sentences pursuant to CR[1] 60.02 and CR 60.03. First, Ash improperly attempted to raise new

---

[1] Kentucky Rules of Civil Procedure.

grounds for relief on appeal. Furthermore, we agree with the Trial Court that Ash failed to state any grounds for relief under these rules. Hence, we affirm.

On March 31, 2022, Ash pleaded guilty in 11 different cases. Specifically, the charges were as follows: (Case No. 19-CR-00716) one count of theft by unlawful taking (over $500 and less than $10,000); (Case No. 19-CR-00846) four counts of second-degree possession of a forged instrument; (Case No. 19-CR-00972) three counts of second-degree criminal possession of a forged instrument; (Case No. 19-CR-01036) one count of theft of identity; (Case No. 19-CR-01162) one count of theft of identity and six counts of second-degree criminal possession; (Case No. 20-CR-00326) one count of theft of identify, one count of third-degree forgery, and one count of second-degree criminal possession of a forged instrument; (Case No. 20-CR-00382) one count of theft of identify and 6 counts of second degree criminal possession of a forged instrument; (Case No. 21-CR-00032) one count of theft of identify; (Case No. 22-CR-00330) one count of engaging in organized crime (criminal syndicate); (Case No. 22-CR-00332) one count of theft of a motor vehicle (value more than $1,000 and less than $10,000); and (Case No. 22-CR-00334) one count of theft of a motor vehicle registration plate or renewal decal. The Commonwealth recommended a total sentence of 20 years, which the Trial Court imposed.

On the same day, Ash's probation was revoked in two separate cases (Case Nos. 17-CR-00378 and 18-CR-00897). The Trial Court directed that those sentences run consecutively to the sentences imposed that day. The combined sentences totaled 25 years.

On December 12, 2022, Ash filed a *pro se* motion for relief from the sentence pursuant to CR 60.02 and 60.03. She requested that the Trial Court modify the judgment to run all sentences concurrently for a total of ten years. As a basis for the motion, Ash stated that "she requests a modification so that she can focus on rebuilding her life and making substantial changes[,]" and "[h]er character and circumstances have changed since the time the crimes were committed[.]" The Trial Court denied the motion on December 14, 2022. This appeal followed.

Ash now argues that her trial counsel was ineffective for failing to withdraw the guilty plea after the Trial Court imposed the 25-year sentence. It is well-established that a new theory of error "cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999). Furthermore, CR 60.02 is not intended as a means of raising issues that could have been addressed in an RCr[2] 11.42 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Ash's current claim of ineffective assistance of counsel

---

[2] Kentucky Rules of Criminal Procedure.

should have been raised in an RCr 11.42 motion and is not a ground for relief under CR 60.02 or 60.03. Because the issue is not properly presented, we decline to address the matter further.

The plain language of CR 60.03 requires a separate, independent action, which Ash did not file. *Jackson v. Commonwealth*, 640 S.W.3d 99, 103 (Ky. App. 2022). Thus, that rule is not applicable to this proceeding. The standard of review on a CR 60.02 motion is whether the Trial Court abused its discretion. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

We find no abuse of discretion in this case. Ash does not claim that the total sentence exceeded the statutory maximum. Ash received the 20-year sentence for which she bargained, plus an additional five years on a previously imposed sentence. KRS[3] 533.060(2) required the Trial Court to run the revoked sentence consecutively to the sentence imposed under Ash's guilty plea. *See Blackburn v. Commonwealth*, 394 S.W.3d 395, 401 (Ky. 2011). Thus, the total sentence was not statutorily defective or violative of Ash's due-process rights.

---

[3] Kentucky Revised Statutes.

-4-

Finally, none of the provisions of CR 60.02 allows for relief from a sentence merely because a Trial Court, or a litigant, believes the sentence was too harsh. Likewise, Ash's claims that she is remorseful for her actions and that her circumstances have changed do not amount to any "reason of an extraordinary nature justifying relief" under CR 60.02(f). Given Ash's failure to state a valid ground for relief under CR 60.02, the Trial Court did not abuse its discretion by denying her motion.

Accordingly, we affirm the order of the Daviess Circuit Court denying Ash's CR 60.03 and CR 60.03 motions.

ALL CONCUR.

BRIEF FOR APPELLANT:

Dorothy Ash
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky