RENDERED:  SEPTEMBER 26, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0481-MR

LUCAS S. FIELDS                                                                APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 20-CR-00228

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Appellant Lucas S. Fields appeals from an April 16, 2024,
Order of the Grayson Circuit Court which denied his motion for relief pursuant to
Kentucky Rules of Civil Procedure (CR) 60.02(f), seeking to amend the final
judgment in his case and reduce his prison sentence to twenty years.  For the
reasons stated, we affirm the Grayson Circuit Court's denial of Fields' CR 60.02
motion.

BACKGROUND

On September 30, 2022, Fields entered a plea of guilty in the Grayson Circuit Court to wanton endangerment in the first degree, facilitation to manufacturing methamphetamine, first offense, enhanced by being a persistent felony offender (PFO) in the first degree, possession of a controlled substance in the first degree (methamphetamine), possession of a controlled substance in the third degree (drug unspecified), and possession of drug paraphernalia. On November 16, 2022, the court sentenced Fields to ten years for facilitation to manufacturing methamphetamine enhanced by PFO, five years for wanton endangerment in the first degree, three years for possession of a controlled substance in the first degree, and twelve months each for possession of a controlled substance in the third degree and possession of drug paraphernalia. The court ordered the wanton endangerment charge to run consecutively, and imposed the remaining sentences concurrently with one another, for a total of fifteen-years' imprisonment. The judgment stated that "[t]he above sentence(s) is/are consecutive to any other sentence received in this or any other court." Record at 148.

At the time Fields was sentenced in this case in 2022, he had previous convictions and sentences in the following cases:

In Green Circuit Court Case No. 17-CR-00028, Fields was sentenced to a total of seven years to serve for two counts of wanton endangerment, first degree, and one count of possession of a controlled substance, first degree.

In Butler Circuit Court Case No. 19-CR-00013, he was sentenced to three years for one count of possession of a controlled substance, first degree. The sentence was ordered to run concurrently with other sentences.

In Warren Circuit Court Case No. 21-CR-00429, he was sentenced to seven years for one count of trafficking in a controlled substance, first degree, first offense. The sentence was ordered to run consecutively with other sentences.

The supplemental motion concluded that when the Grayson Circuit Court ordered its fifteen-year sentence to run consecutively to any other sentence received, the resulting total term of years to serve was twenty-nine years as to seven class D felonies and one class C felony. Record at 190.

On June 20, 2023, Fields filed a *pro se* motion pursuant to CR 60.02(f), for relief from the judgment on grounds that the sentence imposed by the court could not exceed the aggregate sentencing cap established in Kentucky Revised Statutes (KRS) 532.110(1)(c). At the time Fields was sentenced, KRS 532.110(1)(c) stated, in relevant part, that: "[t]he aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for

-3-

which any of the sentences is imposed." Fields argued that his maximum sentence could not exceed twenty years.

Fields' primary argument below and in this appeal relies on the Supreme Court's recent decision in *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023), which reviewed a conflict between KRS 532.110(1)(c) and KRS 533.060(3), and reduced the sentence in that case as a result of the statutory sentencing cap. The Supreme Court held: "To harmonize and give effect to both statutes, we conclude that while sentences under KRS 533.060(3) must be consecutive, the resulting total term of years cannot violate the maximum aggregate sentence cap set forth in KRS 532.110(1)(c)." *Id*. at 239. Fields argued that since his sentencing also involved a conflict between KRS 532.110(1)(c) and 533.060(3), *Kimmel* required that his illegal sentence be reduced in conformance with the statutory cap.

Appointed defense counsel supplemented Fields' *pro se* motion on January 16, 2024. Counsel asserted that the sentence limitation discussed in *Kimmel* should apply in Fields' case. The supplemental motion also related the essential facts as to Fields' other sentences previously discussed.[1] Accordingly,

---

[1] Additionally, on March 5, 2024, appointed counsel proffered to the court as an exhibit Lucas S. Fields' resident record card from the Kentucky Department of Corrections to provide the details as to all current sentences the Department records for Fields. Record at 210-11.

Fields argued that the maximum length authorized by KRS 532.080 for a Class C felony as enhanced was twenty years because the highest class of crime for any of Fields' sentences was the Class C felony from the Warren Circuit Court.

The Grayson Circuit Court conducted a hearing on the CR 60.02(f) motion on March 5, 2024. By order entered April 16, 2024, the court found that Fields was either on probation or parole at the time he was sentenced in the Grayson County case. The court concluded that Fields' reliance on *Kimmel* was misplaced, because Fields was sentenced under KRS 533.060(2), having committed an offense while on probation or parole, and not KRS 533.060(3) (offense committed while awaiting trial).[2] The CR 60.02(f) motion was denied. This appeal followed.

## STANDARD OF REVIEW

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). Relief from judgment is available under CR 60.02(f) for any reason of an extraordinary nature justifying relief, and a motion on that ground must be made within a reasonable time. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009). "[B]ecause the trial court and appellate court have

---

[2] The record reflects that Fields was on probation in the Green and Butler County cases when he was sentenced in Grayson County. In the Warren County case, Fields pleaded guilty and was sentenced to seven-years' imprisonment on December 21, 2021.

inherent authority to correct an unlawful sentence at any time," one mechanism a defendant may use to raise a sentencing issue is a CR 60.02 motion. *Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023). Even if agreed to by the parties through a plea agreement, a sentence that is outside the limits established by statutes is still an illegal sentence which cannot stand uncorrected. *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018). Our review proceeds accordingly.

ANALYSIS

Based on our review of the record and applicable law, we believe Fields' reliance upon *Kimmel*, 671 S.W.3d 230, is misplaced and is clearly distinguishable from the underlying facts of this case. First, *Kimmel*, involved the application of KRS 533.060(3), not KRS 533.060(2) which applied in Fields' case. Second, in *Kimmel*, all of his various felony charges were tried together, whereas Fields committed new offenses while being on probation and all of his previous cases were resolved prior to his plea in Grayson County, thus triggering the application of KRS 533.060(2).

We agree with the circuit court that *Blackburn v. Commonwealth*, 394 S.W.3d 395 (Ky. 2011) is controlling. In *Blackburn*, the Supreme Court held that subsequent convictions cannot run concurrent with a paroled offense sentence. *Blackburn*, 394 S.W.3d at 401. We see no distinction in the law for one who is on

probation. Additionally, the Supreme Court has held that the statutory cap set out in KRS 532.110(1)(c) does not apply to sentences from previous cases. *Johnson v. Commonwealth*, 553 S.W.3d 213, 219-20 (Ky. 2018).

In *Johnson*, the trial court ordered that defendant's sentence would run consecutively to all other sentences. Because Johnson had a prior conviction in which he was sentenced to ten years, the aggregate term of both sentences exceeded twenty years. *Id.* However, the Supreme Court expressly stated that KRS 532.110(1)(c) did not prohibit running defendant's sentences consecutively. *Johnson*, 553 S.W.3d at 219-20. The Court held that KRS 532.110(1)(c), did not mandate that the aggregate of defendant's two consecutive sentences be capped at the twenty-year maximum, holding that KRS 532.110(1)(c) did not apply to sentences arising from separate indictments and trials. *Johnson*, 553 S.W.3d at 219-20.

In this case, the convictions and sentences in the Butler, Green, and Warren County cases had been finalized when Fields' guilty plea was entered by the Grayson Circuit Court on September 30, 2022. Accordingly, the Grayson Circuit Court correctly determined that the sentence reduction set out in *Kimmel* was not applicable to Fields' sentence. Fields was sentenced by different trial courts in different counties at different times. The sentencing cap of KRS 532.110(1)(c) is not applicable to limit the total term of years when the aggregate

sentence under consideration results from separate proceedings and convictions.

*Johnson*, 553 S.W.3d at 219-20.

For the foregoing reasons, the April 16, 2024, Order of the Grayson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David L. Stewart
Assistant Public Advocate
Department of Public Advocacy
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Office of the Solicitor General
Frankfort, Kentucky