RENDERED: AUGUST 16, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

DATE 9/6/18 Kim Redmon, DC

2016-SC-000615-MR & 2017-SC-000037-TG

DASHAWN JOHNSON                                             APPELLANT

ON APPEAL FROM HENDERSON CIRCUIT COURT
V.                     HON. KAREN LYNN WILSON, JUDGE
HENDERSON CIRCUIT COURT NO. 16-CR-00073

COMMONWEALTH OF KENTUCKY                                    APPELLEE

**OPINION OF THE COURT BY JUSTICE CUNNINGHAM**

**AFFIRMING**

On January 26, 2016, Appellant, Dashawn Johnson, was arrested in Henderson County, Kentucky, when law enforcement officials recovered illegal drugs at his residence. A handgun was also discovered under a bed. Appellant, along with his wife, and a third person were present at the residence at the time of the search. As a result of the search, Appellant was indicted on two counts of first-degree trafficking in a controlled substance (heroin and methamphetamine), one count of felony possession of firearm, and being a first-degree persistent felony offender (PFO).

Appellant chose a bench trial on the felony firearm possession charge and was convicted. A Henderson Circuit Court jury convicted Appellant of the remaining charges. He was sentenced to a total of twenty years' imprisonment.

Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution. Several issues are raised and addressed as follows.

## Suppression Motion

For his first argument, Appellant alleges that his conviction and sentence should be reversed because the illegal search of his residence violated his rights under the Fourth Amendment. He specifically argues that the search warrant in this case was invalid and that the court erroneously denied his suppression motion as a result.

"Our review of a trial court's ruling on a motion to suppress 'requires a two-step determination . . . [t]he factual findings by the trial court are reviewed under a clearly erroneous standard, and the application of the law to those facts is conducted under de novo review.'" *Brown v. Commonwealth*, 416 S.W.3d 302, 307 (Ky. 2013) (quoting *Cummings v. Commonwealth*, 226 S.W.3d 62, 65 (Ky. 2007)). More specifically, we must "determine whether under the 'totality of the circumstances' presented within the four corners of the affidavit, a warrant-issuing judge had a substantial basis for concluding that probable cause existed." *Commonwealth v. Pride*, 302 S.W.3d 43, 49 (Ky. 2010).

The affidavit indicated that the affiant detective identified Appellant's residence by referencing police records, confirming that the Appellant lived there, and claiming that he had received "numerous complaints" about "drug activity" there involving Appellant. A controlled drug buy was conducted at Appellant's residence less than three months before the warrant was issued.

2

The affiant detective also stated in the warrant that he spoke with a credible confidential informant who claimed that he observed drug trafficking inside Appellant's residence within the past forty-eight hours. The affiant detective testified to the forgoing information during Appellant's suppression hearing.

Appellant specifically argues that the warrant was defective because it incorrectly described the front door to his residence as black when, in fact, the door was brown. Appellant's first name was also misspelled in the warrant. However, neither of these minor discrepancies requires suppression of the contraband discovered at the residence.

Appellant further claims that the handgun discovered under a bed should have been suppressed because the warrant was for drugs and not guns. Searching under a bed is clearly within the bounds of where drugs could have been placed. Upon discovery of the weapon, the officers' acted appropriately in retaining the weapon and subsequently introducing it into evidence against Appellant who was, at the time of the search, known to be a prior convicted felon. Therefore, Appellant's rights under the Fourth Amendment were not violated here.

## Double Jeopardy

Appellant next argues that reversible error occurred when the trial court instructed the jury on two counts of trafficking instead of one because heroin and meth were listed in the same subsection of the first-degree trafficking statute—KRS 218A.1412. The ultimate question here is whether Appellant's right to be free from double jeopardy was violated. *See Commonwealth v.*

3

*Burge,* 947 S.W.2d 805, 811 (Ky. 1996) (adopting *Blockburger v. United States,* 284 U.S. 299 (1932)).

Appellant's argument is premised in part on the fact that KRS 218A.1412 was amended in 2017 by placing heroin in a separate statutory subsection than meth. He analogizes this to categorizing drugs by schedule. According to Appellant, this indicates that, in 2017, the General Assembly intended to treat the trafficking of meth and the trafficking of heroin as two separate crimes. As such, Appellant infers that the legislature did not intend such a result in the 2016 version of KRS 218A.1412, under which Appellant was sentenced. That version places meth and heroin under the same subsection and thus, by analogy, the same schedule.

Appellant incorrectly assumes that KRS 218A.1412 does not allow for the charging of more than one crime for trafficking more than one drug. KRS 218A.1412(1) begins, "A person is guilty of trafficking in *a* controlled substance . . . ." The statute criminalizes the trafficking of *a* controlled substance—if the defendant is attempting to traffic multiple drugs, multiple charges may be brought against the defendant. In other words, the statute does NOT state, "A person is guilty of trafficking *controlled substances* . . . ." Because KRS 218A.1412(1) criminalizes the trafficking of *a*, singular, controlled substance, the Commonwealth may bring multiple charges under KRS 218A.1412(1) when the defendant is found to have been trafficking multiple substances, regardless of their statutory grouping.

4

This is the same line of thinking we used in *Early v. Commonwealth*: "KRS 218A.286(3) prohibits trafficking in 'a prescription blank' or 'a forged prescription for a controlled substance.' The legislature's use of the singular 'a forged prescription' demonstrates its intention to punish the trafficking of each forged prescription as a separate and distinct trafficking offense." 470 S.W.3d 729, 738 (Ky. 2015).

However, we must also address Appellant's reliance on *Commonwealth v. Grubb*, 862 S.W.2d 883 (Ky. 1993). From the outset, we acknowledge that *Grubb* is problematic. In *Grubb*, the Court held that the defendant could not be convicted of multiple counts of drug trafficking for two drugs from the same schedule where all counts arose from the same transaction. "Transaction" was interpreted as a direct transfer from the hands of the dealer into the hands of the buyer. The *Grubb* Court discussed its reasoning as follows: "[a] single sales transaction between the same principals at the same time and place which violates a single statutory provision does not justify conviction or a sentence for separate crimes, even though more than one item of a controlled substance (of the same schedule) is involved." *Id.* at 884.

In his dissent, Justice Wintersheimer cited contrary decisions from several other jurisdictions in support of his conclusion that "the clear legislative intent is to provide punishment for those who sell or possess specific individual drugs regardless of the schedule which lists the drugs." *Id.* at 887. We most recently discussed *Grubb* in our 2015 case *Early v. Commonwealth*:

Grubb was convicted of trafficking in two controlled substances, . . . and the decision primarily relied on the "single impulse" test established in *Ingram v. Commonwealth,* which was later overruled in *Commonwealth v. Burge,* 947 S.W.2d at 811, in favor of the *Blockburger* test and KRS 505.020 analysis. Nevertheless, even *Grubb* recognized that "[a] single act, under circumstances not found herein, could, however, threaten compound consequences."

470 S.W.3d at 739 (citing *Grubb,* 862 S.W.2d at 885).

The confusion arising from our precedent has not gone unnoticed. A recent unpublished case from the Sixth Circuit Court of Appeals denied an ineffective assistance of counsel claim on the basis that *Grubb* was effectively overruled by subsequent Kentucky cases. *Manns v. Beckstrom,* Nos. 15-6025, 695 Fed.Appx. 883 (6th Cir. June 9, 2017). However, the dissenting opinion in *Manns* cogently addressed several concerns as follows:

> [I]n 2011, fifteen years after *Burge* was decided, the Kentucky Supreme Court cited *Grubb* in *Jones v. Commonwealth,* 331 S.W.3d 249, 251 n.1 (Ky. 2011), explaining why Jones was charged with only one count for delivering two listed substances at the same time. The Court explained: "The alprazolam and clonazepam purchased during the second buy constituted only one transaction because they are both Schedule IV narcotics. *See Commonwealth v. Grubb,* 862 S.W.2d 883 (Ky. 1993)." Further, Kentucky's Criminal Practice and Procedure Series continues to cite *Grubb* and repeat the proposition that "multiple sentences for a single drug transaction of drug trafficking may not be imposed when the defendant has trafficked in different named substances which are criminalized in the same schedule." Thus, I cannot agree that *Grubb* was no longer the law in Kentucky when [defendant] was tried.

*Id.* at 888-89 (White, J., dissenting) (footnote omitted).

Further complication arises from following *Grubb* in non-transactional trafficking cases, as we have here. Appellant was charged with trafficking by possession with intent to transfer. He possessed two separate drugs yet to be

6

sold. He may have intended to traffic the heroin and meth separately or together. Or both. We do not know. The application of *Grubb* becomes unworkable. It is therefore necessary to clarify our previous decisions.

To do this, we return to the time-proven *Blockburger* test. In *Blockburger*, the United States Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Pursuant to this test, "[a] defendant is put in double jeopardy when he is convicted of two crimes with identical elements, or where one is simply a lesser-included offense of the other." *Turner v. Commonwealth*, 345 S.W.3d 844, 847 (Ky. 2011).

It is clear that Appellant's trafficking convictions required proof of two different facts—knowingly possessing meth and knowingly possessing heroin. Therefore, even though Appellant was convicted of trafficking in two different drugs listed under the same subsection of KRS 218A, we conclude that there was no double jeopardy violation here. To the extent that *Grubb* conflicts with this ruling, it is overruled.

**Directed Verdict**

Appellant next alleges that the Commonwealth failed to prove that he possessed the contraband. Although not styled as such, Appellant essentially argues that he was entitled to a directed verdict of acquittal. We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as

7

a whole, it would be *clearly unreasonable* for a jury to find guilt[.]"
*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing
*Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983) (emphasis added)).

The record establishes that the Commonwealth presented sufficient evidence that would allow the trier of fact to reasonably convict Appellant. In the case of the firearm possession charge, the trier of fact was the trial judge. Possession is defined as having "actual physical possession or otherwise to execute actual dominion or control over a tangible object." KRS 500.080(14). The officers' procurement of the handgun from under the bed satisfies this standard. *See Johnson v. Commonwealth*, 90 S.W.3d 39, 42-43 (Ky. 2002) (overruled on other grounds by *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010)). Reviewing the evidence as a whole, it was not clearly unreasonable for the trier of fact to convict Appellant of felony possession of a firearm.

Similar logic applies to Appellant's argument concerning the drugs. Unlike the previously discussed firearm charge, however, Appellant failed to preserve this argument. Therefore, we will review for palpable error. *See* RCr 10.26; and *McCleery v. Commonwealth*, 410 S.W.3d 597, 606 (Ky. 2013) (we will not reverse unless "it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error.").

We have previously held that "[t]wo or more persons may be in possession of the same drug at the same time and this possession does not necessarily have to be actual physical possession. It may be constructive as well as actual." *Franklin v. Commonwealth*, 490 S.W.2d 148, 150 (Ky. 1972);

8

*see also Pate v. Commonwealth*, 134 S.W.3d 593, 598-99 (Ky. 2004) (applying active and constructive possession principles to KRS Chapter 218A).

Appellant testified that he occasionally resided at the home where the contraband was discovered. Detective Ramsey testified that Appellant stated prior to the search that "everything in the house was his and that his wife had nothing to do with it." Reviewing the evidence as a whole, it was not clearly unreasonable for the jury to convict Appellant of trafficking in heroin and methamphetamine. There was certainly no palpable error.

## Expert Funds

Next, Appellant argues that reversible error occurred when the trial court denied his request for funds so that an expert could review a recording of a preliminary hearing. Appellant specifically claims that Detective Eric Ramsey's testimony at the hearing contradicted what he attested to in the affidavit used to procure the search warrant. The alleged discrepancy involves Det. Ramsey's statements concerning drug buys involving Appellant in a previous case.

The test for determining whether an indigent defendant is entitled to expert funding was addressed in *Benjamin v. Commonwealth* as follows:

> 1) whether the request has been pleaded with requisite specificity; and 2) whether funding for the particularized assistance is "reasonably necessary"; 3) while weighing relevant due process considerations. Upon review, however, this Court's analysis is limited to whether the trial court has abused its discretion.

266 S.W.3d 775, 789 (Ky. 2008) (Internal citation omitted).

In his first *ex parte* motion for funds, Appellant argued that "the video has been edited, to remove the false statement, perhaps in an effort to protect

9

the detective." Appellant requested $3,000 for an expert to review the video for possible tampering. The court authorized $330. Appellant then filed a second *ex parte* motion requesting an additional $660 which was denied by the court. Considering the initial allowance by the trial court and the dubious nature of Appellant's claim, we cannot say that the trial court abused its discretion here in denying Appellant's additional request for expert funding.

## Sentencing

Lastly, Appellant argues that the length of his sentence violates KRS 532.110(1)(c) and KRS 532.080(6)(b). Those provisions apply to Class B and Class C felonies by placing an upper sentencing limit of twenty years' imprisonment. Appellant was sentenced to serve twenty years total in the present case. However, the trial judge ordered that the sentences run consecutively to any and all other sentences. This includes a prior trafficking conviction where Appellant received a ten-year sentence. Appellant contends that his grand total sentence is thirty years' imprisonment, thus, in violation of KRS 532.110(1) and KRS 532.080(6)(b).

Contrary to Appellant's contention, the relevant sentencing statutes do not extend to sentences resulting from previous cases. Appellant's ten-year sentence resulted from a previous indictment and trial. That case was pending before the Court of Appeals. There was no sentencing error here.

10

## **Conclusion**

For the foregoing reasons, we hereby affirm the judgment of the Henderson Circuit Court.

All sitting.  All concur.


COUNSEL FOR APPELLANT:

Samuel N. Potter
Assistant Public Advocate

Kathleen Kallaher Schmidt
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jeffrey Allan Cross
Assistant Attorney General