RENDERED:  JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1180-MR

DASHAWN JOHNSON                                              APPELLANT

v.       APPEAL FROM HENDERSON CIRCUIT COURT
         HONORABLE KAREN LYNN WILSON, JUDGE
                    ACTION NO. 16-CR-00297

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  Dashawn Johnson appeals from a Henderson Circuit

Court order denying his motion to vacate, set aside, or correct judgment and

sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42.  He

argues he received ineffective assistance of counsel in entering his plea of guilty to

charges of trafficking in a controlled substance and being a persistent felony

offender (PFO) in the second degree.  Specifically, he claims that his attorney misadvised him regarding his parole eligibility and the maximum length of his total sentence.  Having reviewed the record and the applicable law, we affirm.

## Background

Johnson's allegations relate to the interplay among the sentences he received in three separate cases adjudicated before the Henderson Circuit Court: the case which is the subject of the present appeal, 16-CR-00297, and two earlier cases, 15-CR-00374 and 16-CR-00073.  Johnson was represented by the same attorney in all three cases.

### Case No. 15-CR-00374

Johnson was indicted in January 2016 for two counts of first-degree trafficking and being a PFO in the first degree.  *Johnson v. Commonwealth*, 2016-CA-001638-MR, 2018 WL 921645, at \*1 (Ky. App. Feb. 16, 2018), *disc. rev. denied* (Ky. Aug. 8, 2018).  Following a jury trial on June 29, 2016, he was convicted of all the charges.  On September 7, 2016, he was sentenced in accordance with the jury's recommendation of one year and three years on the trafficking counts, each enhanced to ten years by the PFO conviction, to run concurrently.  *Id.* at \*2.  The final judgment was affirmed on direct appeal.  *Id.* at \*5.

## Case No. 16-CR-00073

Johnson was arrested on January 26, 2016, and subsequently indicted on two counts of first-degree trafficking in a controlled substance (heroin and methamphetamine), one count of felony possession of a firearm, and being a first-degree PFO. *Johnson v. Commonwealth*, 553 S.W.3d 213, 215 (Ky. 2018). Johnson chose a bench trial on the firearm possession charge and was convicted; a jury convicted him of the remaining charges. *Id.* He was sentenced to a total of twenty years' imprisonment. *Id.* In the final judgment entered on November 3, 2016, the trial court ordered the sentence to be served consecutively to any and all other sentences, which included the ten-year sentence in 15-CR-00374.

## Case No. 16-CR-00297

On August 5, 2016, Johnson was indicted on charges of trafficking in a controlled substance in the first degree (more than two grams of methamphetamine), trafficking in a controlled substance in the first degree (less than two grams of methamphetamine), and being a PFO in the first degree. On November 2, 2016, he entered a plea of guilty to the two trafficking charges and to an amended charge of being a PFO in the second degree. The final judgment was entered on November 7, 2016. In accordance with the plea agreement, he received PFO-enhanced sentences of twenty years for the first trafficking charge and ten

years for the second trafficking charge to run concurrently for a total of twenty years. Also, in accordance with the plea agreement, the total sentence was ordered to be served concurrently with the sentences in 15-CR-00374 and 16-CR-00073.

At his plea colloquy, upon questioning by the trial court prior to his entry of the plea, Johnson made the following statements regarding his understanding of his parole eligibility:

> Judge: I further want you to understand that should you have any pending charges in this Court or any other court, the Court's acceptance of your guilty plea in this case is no way tied as a package deal with any other case. Do you understand that?
>
> Johnson: Yes ma'am.
>
> Judge: Also I want you to understand that should you get a sentence out of this Court that does require that you go to state prison, no one can tell you when or if you will make parole; you might not, you might have to serve an entire sentence. Do you understand that?
>
> Johnson: Yes ma'am.
>
> Judge: You're not relying on anyone's promise that you will make parole –
>
> Johnson: No.
>
> Judge: Or even when you might become eligible, are you?
>
> Johnson: No.

**Johnson's RCr 11.42 motion**

On September 28, 2019, Johnson filed a *pro se* motion pursuant to RCr 11.42 alleging ineffective assistance of counsel in 16-CR-00297. As grounds for the motion, he claimed that he entered into the plea agreement in reliance on erroneous advice from his attorney that he would be parole eligible after serving twenty percent (four years) of his total aggregate sentence, which he believed to be twenty years. Instead, upon his incarceration, he was informed by officials of the Department of Corrections that he would be required to serve ten years before he became eligible for parole, due to the effect of his prior conviction as a first-degree PFO.

The trial court held an evidentiary hearing at which Johnson and his attorney testified. The trial court thereafter entered an order denying the RCr 11.42 motion.

**Standard of Review**

To establish ineffective assistance of counsel in the context of a guilty plea, "[t]he movant must demonstrate that: (1) defense counsel's performance fell outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled guilty, but would have insisted on going to trial." *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016).

"When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable. The reviewing court is then obligated to consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington*[1] inquiry into the performance of counsel[.] The factual findings of the circuit court and determinations of witness credibility are reviewed only for clear error, while the application of legal standards and precedents is reviewed *de novo*." *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018) (internal citations and quotation marks omitted).

Misadvice concerning parole eligibility may constitute ineffective assistance of counsel. *Commonwealth v. Pridham*, 394 S.W.3d 867, 879 (Ky. 2012). A "sharply extended period of parole ineligibility is a serious enough and certain enough detriment that a person pleading guilty is entitled to know about it." *Id*. at 878. A claim of ineffective assistance of counsel in this context is viable if the parole eligibility consequences of a defendant's plea are "easily determined by reference to succinct, clear and explicit law." *Id*. at 886.

At the evidentiary hearing on the RCr 11.42 motion, Paul Sysol, the trial attorney who represented Johnson in all three cases, testified he was aware

---

[1] 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

that a first-degree PFO designation carries with it a mandatory ten-year period of incarceration before parole eligibility, and that this fixed period of imprisonment would take precedence over the twenty-percent parole eligibility applicable to the sentence in 16-CR-00297. *See* Kentucky Revised Statutes (KRS) 532.080(7). He did not recall, however, whether he and his client discussed how Johnson's first-degree PFO conviction in 16-CR-00073 would affect his actual parole eligibility.

The trial court interjected at this point in the testimony to inquire how, if Johnson without a doubt had to serve ten years in his other case before parole eligibility, the first-degree PFO conviction could affect the outcome in the present case and how anything his attorney had done wrong would have affected the outcome in that prior case. Johnson's attorney responded that Johnson thought his plea in 16-CR-00297 being "last in time" would actually affect the amount of time he would have to serve.

The Commonwealth's attorney then asked Sysol whether there had been any discussion with his client about "last in time" or that 16-CR-00297 would be "controlling over" or "override" what Johnson would already have to serve in the previous cases. Sysol testified, "I would not have advised him of that because that's not how it works." He also testified that, at the time of the entry of Johnson's plea, the maximum sentence he could receive, assuming the crimes were C and D felonies, was twenty years, as an aggregate sentence.

Johnson then testified that he was under the impression that the amendment of the first-degree PFO to second-degree PFO would result in a twenty-year cap on his sentences, but he later learned his total aggregate sentence was thirty, not twenty, years. He also thought he would not have to serve ten years before parole eligibility. When he was asked if he would have taken the plea deal if his attorney had advised him his sentence would be thirty years with ten years to serve before parole eligibility, he testified "no way" and insisted he would never have surrendered his right to an appeal.

The Commonwealth's attorney then showed Johnson the 16-CR-00297 plea agreement in the record. Johnson testified he had signed the agreement and acknowledged its terms, which were that the PFO charge was amended from first degree to second degree and that the twenty and ten-year sentences for the two trafficking charges were to run concurrently for a total of twenty years. He also acknowledged that the plea bargain states that the sentence was to run "concurrent with 374 and 73."

The trial court interjected again, reiterating that if the judgment was set aside in 16-CR-00297, and Johnson went to trial and was convicted of being a first-degree PFO, he would risk receiving a greater total sentence if his sentence were run consecutively to the sentences in his other cases which would not change.

Johnson insisted he was nonetheless prepared to fight it because it gave him hope. His attorney requested and received a sixty-day period to speak with his client and afford him a chance to withdraw the RCr 11.42 motion. The motion was not withdrawn, and the trial court entered an order finding that Johnson's trial attorney acted within the range of reasonable professional assistance and, even if he had not, it would not have had an effect on the guilty plea due to the impact of Johnson's sentences in his other cases. The trial court concluded that Johnson had entered his guilty plea knowingly and voluntarily. This appeal followed.

## Analysis

In concluding that Sysol acted within the range of reasonable professional assistance, the court found Sysol's testimony that he did not remember the issue of parole eligibility coming up in his discussions with Johnson, but that he would not have advised him that the longest or most recent sentence would "control" as far as parole eligibility was concerned because that was not his understanding of the law, to be credible.

Johnson argues that the trial court's findings are erroneous because Sysol admitted to misadvice on parole eligibility when he testified that the total aggregate sentence for the three cases would not exceed twenty years and that he informed Johnson of this before he accepted the plea.

In his testimony, Sysol specified that this was the case at the time the guilty plea was entered on November 2, 2016. The issue of whether the trial court erred in ordering the sentences in 15-CR-00374 and 16-CR-00073 to run consecutively was an issue on appeal in 16-CR-00073. In that appeal, Johnson argued that ordering the sentence to be served consecutively to his other sentences in 15-CR-00374, resulting in a total sentence of thirty years, violated KRS 532.110(1)(c) and KRS 532.080(6)(b). *Johnson*, 553 S.W.3d at 219. Those statutory provisions place an upper sentencing limit of twenty years' imprisonment on Class B and Class C felonies. *Id.* In an Opinion rendered on August 16, 2018, the Kentucky Supreme Court rejected his argument, holding that "the relevant sentencing statutes do not extend to sentences resulting from previous cases." *Id.* at 220. Because Johnson's ten-year sentence resulted from a previous indictment and trial in a case that was then pending before the Court of Appeals, the Supreme Court concluded there was no sentencing error. *Id.* Thus, at the time Sysol was advising Johnson regarding his guilty plea, there was no "succinct, clear and explicit" answer regarding the propriety of running the sentences in his prior cases consecutively. *See Pridham*, 394 S.W.3d at 886.

The trial court also concluded that even if Johnson's attorney made errors in advising his client, they did not affect the validity of the guilty plea. Its order states, "The requirement that Johnson serve ten years before being eligible

-10-

for parole comes from different cases, not this case. Going to trial on the charges in this case would not have changed his sentences in the previous cases. So there is no way that choosing to go to trial rather than plead guilty would have benefitted Johnson on this issue." The trial court further observed that the length of Johnson's final sentence was not increased by his decision to plead guilty.

Johnson argues that he would have gone to trial on the charges if not for his attorney's alleged misadvice. For purposes of determining ineffective assistance of counsel in this context, a defendant does not need to demonstrate that an acquittal at trial was likely, but merely "that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Commonwealth*, 381 S.W.3d 322, 328 (Ky. App. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010)).

At the time he entered the plea, Johnson had been convicted in the two prior cases. He was facing a combined sentence of at least twenty years and, after the consecutive sentencing was affirmed on appeal, thirty years. The ten-year period before parole eligibility was a mandatory part of his sentence in 16-CR-00073 and would have been unaffected had he decided to go to trial in 16-CR-00297. Had he gone to trial and been convicted, the resulting sentence could have been ordered to run consecutively, thereby increasing his total combined sentence. Had he been acquitted at trial, his sentences and parole eligibility under the two

prior cases would have been unaffected. His contention that the amendment of the first-degree PFO charge to a second-degree PFO was meaningless "smoke and mirrors" is without merit. In the admittedly unlikely event that his convictions in the prior cases were reversed, he would have been facing mandatory imprisonment of ten years before parole eligibility if convicted of being a first-degree PFO. Under these circumstances, a decision to reject the plea bargain would not have been rational.

Finally, Johnson's claims that he was misadvised about his parole eligibility are refuted by his own statements during his plea colloquy. At that time, Johnson stated, in response to the trial court's thorough questioning, that no one had told him when or if he would receive parole nor had he relied on anyone's promise regarding when he would become eligible for parole. "Solemn declarations in open court carry a strong presumption of verity." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L.Ed. 2d 136 (1977)). Thus, Johnson's own statements support the trial court's finding that his plea was knowing and voluntary.

For the foregoing reasons, the order denying Johnson's RCr 11.42 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joshua R. Bolus
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jeffrey A. Cross
Deputy Attorney General
Frankfort, Kentucky