RENDERED:  JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0500-MR

DASHAWN JOHNSON                                               APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 16-CR-00073

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Dashawn Johnson, *pro se*, appeals from the Henderson Circuit Court's order denying his Kentucky Rules of Civil Procedure (CR) 60.02 motion to vacate his conviction and sentence, arguing because the indictment he was convicted under was previously dismissed that his conviction and sentence

must be vacated. Because the dismissal of this indictment was a clerical error and was properly corrected, we affirm.

In June and July of 2015, the police conducted controlled drug buys using a confidential informant. In reviewing recordings of the controlled buys, the police identified Johnson as the person selling drugs to the confidential informant. On January 26, 2016, the police executed a search warrant at Johnson's residence. Officers found multiple bags of heroin weighing over two grams, multiple bags of methamphetamine weighing over two grams, a loaded .357 revolver under a bed near the drugs, and scales. They arrested Johnson.

On March 3, 2016, Johnson was indicted in 16-CR-00073 on two counts of first-degree trafficking in a controlled substance (heroin and methamphetamine, firearm enhanced), one count of felony possession of a firearm, and being a first-degree persistent felony offender (PFO-1). While the caption indicated the PFO charge would enhance each count, the body of the indictment left off the PFO enhancement for the felon in possession of a handgun count.

On August 1, 2016, Johnson elected to have a bench trial on the convicted felon in possession of a handgun charge in 16-CR-00073.

On August 2, 2016, the grand jury elected to re-indict Johnson in 16-CR-00298 to change count three to reflect that Johnson was a convicted felon in possession of a handgun while being a PFO 1.[1]

Johnson's bench trial in 16-CR-00073 took place on August 3, 2016. Before the trial began, the following exchange took place between the parties and the trial court:

> Commonwealth Attorney: And another preliminary matter . . . , your Honor, is . . . the issue of count three in indictment 16-73 . . . there was some question in my mind as to whether the language contained in the narrative in count three in regard to the felon in possession of a handgun correctly stated the charges being convicted felon and being a first-degree persistent felony offender that is contained in the caption but not in the count. I understand that the counsel for the defense agrees.
>
> Trial Court: Parties have agreed to amend the indictment to reflect that the language within the indictment itself should be consistent with the language contained in the caption of the indictment in that he would be charged with being a convicted felon in possession of a handgun and a persistent felony offender in the first degree.
>
> Defense Counsel: Yes, your Honor, as we discussed yesterday we have no objection to that amendment.
>
> Trial Court: Alright.
>
> Commonwealth Attorney: Just as a precaution, your Honor, I want to let the court and [defense counsel] know

---

[1] While a few records relating to the second indictment were filed by Johnson with his motions, we do not have a complete record of that case.

that yesterday coincidentally the grand jury met, did
again review the case and issued a new indictment with
that proceeding but we will dismiss that if we can
proceed under 73.

Defense Counsel: Okay.

Commonwealth Attorney: As a precautionary measure I
had to do that . . . . There is a new one that is 298 but we
will dismiss it at the conclusion of this case. It's
identical.

Trial Court: Which now is the same charges, so it will be
dismissed.

The bench trial then took place and the trial court found Johnson guilty of being a

convicted felon in possession of a handgun, fixed his sentence at eight years, found

him guilty of being a PFO-1, and reset his sentence at fifteen years.

On August 9, 2016, at the arraignment for 16-CR-00298, the

Commonwealth made an *ex parte* motion to dismiss this indictment. An order

dismissing 16-CR-00073 was entered on August 15, 2016. It explained that

Johnson was indicted for those same charges in 16-CR-00298.

On September 1, 2016, an order was entered vacating the order of

dismissal in 16-CR-00073, noting "[t]he Commonwealth is proceeding with this

case, and dismissing the similar charges under Indictment No. 16-CR-298." That

same day, 16-CR-00298 was ordered dismissed. No further action took place

regarding 16-CR-00298.

On September 7, 2016, in 16-CR-00073, the judgment of conviction and sentence was entered on the convicted felon in possession of a handgun charge and being a PFO-1, with the trial court finding Johnson guilty and sentencing him to fifteen years.

On September 23, 2016, after a jury trial, the jury found Johnson guilty of the two trafficking charges but determined he was not in possession of the firearm in furtherance of these offenses when he committed them. The jury initially recommended seven-year sentences on each of the trafficking charges, to be served consecutively, then found Johnson guilty of being a PFO-1 and recommended that he be sentenced to ten years on each charge, consecutively. In the final judgment entered on November 3, 2016, Johnson was sentenced to consecutive ten-year sentences in accordance with the jury's recommendation, with these sentences to run concurrent to the previously imposed fifteen-year sentence.

Johnson appealed on several grounds which are not relevant here and the Kentucky Supreme Court affirmed. *Johnson v. Commonwealth*, 553 S.W.3d 213, 220 (Ky. 2018).

On October 18, 2018, Johnson filed a petition for a writ of habeas corpus. He argued that the trial court's dismissal of the first indictment became final ten days later, this could not be changed by the trial court vacating such order

seventeen days later, and that his judgment of conviction and sentence was thereby void *ab initio* and he was entitled to an immediate release from custody.

On November 5, 2018, an order was entered denying Johnson's petition on the basis that "Johnson has not shown by affidavit that he is being detained without lawful authority." Johnson did not appeal.

On January 23, 2019, Johnson filed a petition for relief of judgment pursuant to CR 60.02(e) and (f). Johnson argued he could not properly be convicted where the underlying indictment was dismissed, and that dismissal became final ten days later. He argued that the Commonwealth should have appealed from the dismissal or he should have been re-indicted, but redocketing the indictment after the dismissal became final was ineffective because the trial court had already lost jurisdiction and its dismissal if in error was a judicial error and not a clerical one. Therefore, Johnson argued he was entitled to have his judgment vacated.

On February 15, 2019, an order was entered denying Johnson's CR 60.02 motion. The circuit court explained the factual history surrounding the dismissal and reinstatement of the indictment in 16-CR-00073:

> [T]he Commonwealth announced its intention to reindict
> Johnson on the same charges so the body would match
> the caption in charging Johnson with being a First Degree
> Persistent Felony Offender as to Count 3 (the handgun
> charge). The defendant waived the necessity of
> reindicting him and agreed that 16-CR-073 could be

-6-

amended to reflect that change. The Court allowed the amendment. . . .

Despite the defendant's agreement, the Commonwealth did represent the charges in 16-CR-298 to the grand jury, which resulted in Indictment No. 16-CR-298. . . .

At arraignment on August 9, 2016, the Commonwealth moved to dismiss 16-CR-073 because the defendant's agreement to amend 16-CR-073 and proceed in that case made 16-CR-298 unnecessary. The defendant made no objection, and the Court sustained the motion to dismiss 16-CR-298. However, the Commonwealth tendered an order dismissing 16-CR-073, which the Court signed. The mistake became apparent; and on September 1, 2016, the Court entered an order vacating the order dismissing 16-CR-073. . . .

The circuit court then ruled that the order of dismissal was a clerical error, and the written order reinstating the indictment just corrected the record to reflect what happened, explaining: "There was no need to reinstate the indictment because it was never dismissed. The order saying it was dismissed was a clerical error which the Court corrected by vacating it." The circuit court also noted that Johnson waived any procedural error by failing to raise the issue until after conviction and was not prejudiced where he had fair notice of the charges against him.

On appeal, Johnson argues that the first indictment could not be revived by the untimely order vacating the dismissal because this was a judicial error.

CR 60.02 provides in relevant part:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time[.]

We review the circuit court's denial of Johnson's CR 60.02 motion for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky.App. 2000)

The Kentucky Rules of Criminal Procedure (RCr) 10.10 provides in relevant part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."

As explained in *Cardwell v. Commonwealth*, 12 S.W.3d 672, 674 (Ky. 2000):

[T]he distinction between clerical error and judicial error does not turn on whether the correction of the error results in a substantive change in the judgment. Rather, the distinction turns on whether the error "was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel, or by the judge." *Buchanan v. West Kentucky Coal Company*, Ky., 218 Ky. 259, 291 S.W. 32, 35 (1927). "A clerical error involves an error or mistake made by a clerk or other judicial or ministerial officer in

-8-

writing or keeping records . . . ." 46 Am.Jur.2d, Judgments § 167.

Clear clerical errors include "an incorrect or missing date on a document in the record, a mistake made when transcribing numbers, or a mathematical error when calculating a judgment[.]" *Machniak v. Commonwealth*, 351 S.W.3d 648, 652 (Ky. 2011) (citations omitted). In *Wides v. Wides*, 300 Ky. 344, 349, 188 S.W.2d 471, 474 (1945), the Court noted in dicta that there could be a clerical error if the terms "party of the first part" and "party of the second part" were transposed in the judgment. Similarly, in *Cardwell*, 12 S.W.3d at 674-75, the Court ruled that an omission in a judgment was a "clerical error" because there "was a mistake made in reducing the oral judgment to writing."

Such reasoning makes it evident that Johnson is not entitled to CR 60.02 relief because the circuit court correctly determined that the judgment was properly being enforced. Johnson always knew what the charges against him were and he orally consented to the amendment of the indictment 16-CR-00073, to be tried under that indictment as amended, and agreed it was appropriate for indictment 16-CR-00298 to be dismissed. The trial court's initial erroneous dismissal of indictment 16-CR-00073 rather than 16-CR-00298 resulted from the transposition of these indictment numbers, rather than from any judicial reasoning that it was appropriate to dismiss 16-CR-00073 and proceed under 16-CR-00298

instead.  This was a clerical error which could properly be corrected under RCr

10.10 and was corrected once the mistake was noticed.

However, should there be any doubt that this is the correct outcome

here, we note that in a remarkably similar situation, the exact question of whether

the dismissal of the wrong indictment is a clerical error was explored in *Baber v.*

*Commonwealth*, No. 2002-SC-0420-MR, 2004 WL 1364283, *6-7 (Ky. Jun. 17,

2004) (unpublished),[2] which came before the Kentucky Supreme Court on direct

appeal:

> Lastly, Appellant contends that the trial court lost
> jurisdiction to proceed against him when it mistakenly
> dismissed Indictment No. 99-CR-85 (containing the
> charges relating to the Computer Renaissance checks),
> rather than Indictment No. 99-CR-88 (containing the
> Centsible Rental Car charge).  Prior to trial, the court
> realized that it had mistakenly listed the wrong
> indictment number in the Order of Dismissal.  The court
> made the correction with a pen in open court and two
> days after the trial entered an Order Setting Aside Order
> of Dismissal.  Appellant concedes that this error is not
> preserved.  Nonetheless, Appellant's argument has no
> merit.
>
> . . . The error here was purely a clerical error, and the
> trial court stated so as he was marking through the wrong
> indictment number.  At no time was Appellant under the
> impression that the charges regarding the checks written
> to Computer Renaissance had been dismissed.  The
> discussion accompanying the Motion to Dismiss

---

[2] Pursuant to CR 76.28(4)(c) we may consider this unpublished opinion because there is no published opinion adequately addressing this issue.

concerned only the count relating to the Centsible Rental Car check. There was no error.

Although we conclude that there was no error in the reinstatement of indictment 16-CR-00073 after the clerical error resulting in its previous dismissal was discovered, we also note that Johnson repeatedly waived any possible error. Johnson failed to make any objection to the judgment of conviction and sentence being entered on the convicted felon in possession of a handgun charge and being a PFO-1 after the indictment in 16-CR-00073 was erroneously dismissed, failed to object to the reinstatement of the indictment, failed to object to being tried in 16-CR-00073 on the remaining charges after the indictment was reinstated, failed to raise this issue on direct appeal, did not appeal from the denial of his petition for habeas corpus, and delayed in bringing his CR 60.02 challenge on this ground. Waiver and unreasonable delay are additional reasons to affirm.

Accordingly, we affirm the Henderson Circuit Court's order denying Johnson's CR 60.02 motion to vacate his conviction and sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Dashawn Johnson, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky