RENDERED: MARCH 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0161-MR

COMMONWEALTH OF KENTUCKY                  APPELLANT


v.             APPEAL FROM BARREN CIRCUIT COURT
HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 21-CR-00015


PHILLIP BRENT KIRBY                       APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: The Commonwealth of Kentucky appeals from the Barren Circuit Court's order granting Phillip Brent Kirby ("Kirby") relief pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02. Kirby sought CR 60.02 relief based on the claim that his total aggregate sentence violated the statutory cap in Kentucky Revised Statute ("KRS") 532.110(1)(c). Upon careful review, we

reverse the circuit court's order amending Kirby's sentence and remand this matter for reinstatement of the original judgment and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2021, Kirby was indicted by the Barren County Grand Jury for one (1) count of trafficking in a controlled substance (methamphetamine two (2) grams or more), two (2) counts of receiving stolen property ($500 or more but less than $10,000), possession of drug paraphernalia, and being a persistent felony offender ("PFO") in the first degree.

In December 2022, Kirby accepted the Commonwealth's offer on a plea of guilty. In its offer, the Commonwealth recommended five (5) years' imprisonment for the amended charge of first-degree trafficking in a controlled substance (methamphetamine less than two (2) grams), three (3) years' imprisonment for both counts of receiving stolen property, and twelve (12) months' imprisonment for the possession of drug paraphernalia charge. The Commonwealth also agreed to dismiss the first-degree PFO enhancement.

Moreover, the Commonwealth recommended that the sentences in Kirby's Barren County case run concurrently for a total of five (5) years' imprisonment. However, the Commonwealth's offer expressly indicated that Kirby's sentence in the Barren County case would run consecutively to sentences he had received in prior cases in other counties. On December 5, 2022, the circuit

court sentenced Kirby to five (5) years' imprisonment in accordance with his plea deal and entered final judgment on December 9, 2022.

As noted, Kirby had various convictions in multiple jurisdictions over the four (4) years preceding his sentencing in Barren County, including:

- Four Allen County convictions on August 21, 2020, for first-degree possession of a controlled substance (methamphetamine), theft by unlawful taking (automobile), theft by unlawful taking (firearm), and possession of a firearm by a convicted felon, for which he received an aggregate sentence of five (5) years' imprisonment (Case Number 19-CR-00115);

- Two Warren County convictions on October 29, 2020, for first-degree possession of a controlled substance and possession of a firearm by a convicted felon, for which he received an aggregate sentence of three (3) years' imprisonment (Case Numbers 18-CR-01225 and 18-CR-01226); and

- Two Warren County convictions on November 16, 2022, for first-degree trafficking in a controlled substance (methamphetamine) and first-degree bail jumping, with an enhancement for being a second-degree PFO, for which he received an aggregate sentence of eleven (11) years' imprisonment (Case Numbers 21-CR-00467 and 22-CR-00901).

Thus, including his sentence in Barren County, Kirby's total imprisonment time was twenty-four (24) years.

On October 5, 2023, Kirby filed a post-conviction motion under CR 60.02(f), arguing that his aggregate sentence was illegal under the Kentucky Supreme Court's decision in *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023). The circuit court concluded that Kirby's sentence was invalid to the extent that the sentence imposed in Barren County, when run consecutively to Kirby's prior sentences, caused his resulting sentence to exceed twenty (20) years in violation of the sentencing cap outlined in KRS 532.110(1)(c). Thus, the circuit court granted Kirby's request and amended his aggregate sentence to twenty (20) years rather than twenty-four (24) years. This appeal followed.

We will discuss further facts as they become relevant.

## **ANALYSIS**

Before conducting our analysis, we first note that Kirby failed to file an appellee brief. Therefore, under Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3), we may: "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." Here, we will accept the Commonwealth's statement of the facts and issues as correct.

## 1. **Standard of Review**

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). With this standard in mind, we examine the Commonwealth's arguments.

## 2. **Discussion**

The Commonwealth argues that the circuit court erred in granting Kirby CR 60.02 relief and amending his sentence. As discussed by a panel of this Court:

> The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

Having reviewed the record and applicable law, we find the circuit court's exercise of discretion in this case to be "unsupported by sound legal

principles" and do not find the circumstances to be "most unusual and compelling" to justify relief from the final judgment under CR 60.02. *English*, 993 S.W.2d at 945; *Id.*

Under KRS 532.110(1), a circuit court may "determine at the time of sentence" whether "multiple sentences shall run concurrently or consecutively," subject to certain exceptions. One of those exceptions is that "the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed[.]" *See* KRS 532.110(1)(c).[1] In this case, based on Kirby's second-degree PFO and numerous Class D felony convictions, KRS 532.080(6)(b) would cap his imprisonment sentence at no greater than twenty (20) years.

---

[1] KRS 532.110(1) was amended in July 2024 to state the following:

> (c) 1. Except as provided in paragraph (d) of this subsection, the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed, except as described in KRS 533.060(2) or (3).
>
> 2. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]

KRS 533.060(2) and (3) state that courts are not permitted to run sentences concurrently when a defendant commits new crimes while awaiting trial, on probation, or on parole. This amendment is clear evidence that the legislature intended the provisions of KRS 533.060 to control over the sentencing cap in KRS 532.110(1)(c) and further buttresses our conclusions in this Opinion.

However, Kirby's sentences stemmed from several indictments arising from different criminal acts and occurred on different dates in various counties. The Kentucky Supreme Court has held that KRS 532.110's statutory cap from "multiple sentences" does "not extend to sentences resulting from previous cases." *Johnson v. Commonwealth*, 553 S.W.3d 213, 220 (Ky. 2018). Indeed, where a sentence "resulted from a previous indictment and trial[,]" KRS 532.110's maximum sentence provision does not prohibit a court from requiring the sentences to run consecutively. *Johnson*, 553 S.W.3d at 220.

Here, Kirby incurred eight (8) convictions for Class D felonies for criminal acts occurring on different days in different counties over a period of approximately four (4) years. Those convictions included thefts, bail jumping, and multiple narcotics trafficking and possession offenses. Kirby received separate sentences in each case. Therefore, because the record reflects that such sentences resulted from previous indictments and guilty pleas, KRS 532.110(1)(c)'s maximum sentence provision is inapplicable.

Further, we find the *Kimmel* case inapplicable in this case. Notably, "Kimmel *agreed to have all charges tried together*[.]" 671 S.W.3d at 234 (emphasis added). Thus, Kimmel's sentence arose from a single proceeding, resulting in a single judgment. That is not the case here. To the contrary, Kirby committed multiple felonies over four (4) years, all while receiving the benefit of

probation, parole, and bail. Kirby's convictions arose from separate indictments and could not have been tried together. *See* Kentucky Rule of Criminal Procedure ("RCr") 9.12. Consequently, KRS 532.110(1)(c)'s sentencing cap is not applicable when the aggregate sentence results from separate proceedings and distinct judgments.

## **CONCLUSION**

For the foregoing reasons, we reverse the Barren Circuit Court's order modifying Kirby's sentence and remand this matter for reinstatement of the original judgment and sentence.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky