RENDERED:  MARCH 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0751-MR

MICHAEL D. MALLARD                                   APPELLANT

               APPEAL FROM HENDERSON CIRCUIT COURT
v.             HONORABLE KAREN LYNN WILSON, JUDGE
         ACTION NOS. 96-CR-00038, 96-CR-00055, 96-CR-00114,
         97-CR-00048, 01-CR-00130, 04-CR-00320, 04-CR-00321,
                 AND 22-CR-00197

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  ECKERLE, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Michael D. Mallard appeals from a June 6, 2024, Order of the

Henderson Circuit Court which denied his motion for relief pursuant to Kentucky

Rules of Civil Procedure (CR) 60.02(f), seeking to amend the final judgment in his

case and reduce his prison sentence from forty-five years to twenty years.  For the

reasons stated, we affirm the Henderson Circuit Court's denial of Mallard's CR 60.02 motion for relief.

BACKGROUND

Mallard has had a substantial criminal history in our court system since at least 1996. Relevant to this appeal, the circuit court summarized his various convictions in Henderson County in the court's June 6, 2024, order denying Mallard's motion for relief:

> To summarize, in August of 1996 the Court sentenced Mallard to five years in the three 1996 cases; in May of 1997, the Court sentenced him to twenty years in 97-CR-048; in November of 2001, it sentenced him to ten years in 01-CR-130; in October of 2005, it sentenced him to eight years in the two 2004 cases; and finally in July of 2022, it sentenced him to two years in 22-CR-197. All of these sentences were imposed pursuant to guilty pleas. The sentences are being served consecutively for a total sentence of forty-three years.[1]

Record at 90 (Action No. 22-CR-00197).

As concerns Mallard's most recent conviction in 2022, he pleaded guilty to possession of a controlled substance (methamphetamine) first degree, and operating a motor vehicle under the influence of a controlled substance. He was sentenced to serve two years and one day in prison. In the court's July 22, 2022, Judgment of Conviction, the court stated:

---

[1] The June 6, 2024, Order references that the total consecutive sentences to be served is forty-three years, which appears to be a clerical error.

-2-

It is further **ORDERED** and **ADJUDGED** that the sentence imposed upon the defendant under this indictment be served consecutively to any other sentence that has been heretofore imposed.

Record at 55.

This brought his total aggregate sentence for consecutive years of imprisonment to forty-five, based on the previous convictions and sentences summarized above.

On May 20, 2024, Mallard filed a *pro se* motion pursuant to CR 60.02(f), for relief from the judgment on grounds that the sentence imposed by the court could not exceed the aggregate sentencing cap established in Kentucky Revised Statutes (KRS) 532.110(1)(c). At the time Mallard was sentenced, KRS 532.110(1)(c) stated, in relevant part, that: "The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." Mallard argued that his maximum sentence could not exceed twenty years under KRS 532.080(6)(b).

Mallard's primary argument below and in this appeal relies on the Supreme Court's recent decision in *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023), which reviewed a conflict between KRS 532.110(1)(c) and KRS 533.060(3), and reduced the sentence in that case as a result of the statutory sentencing cap. The Supreme Court held: "To harmonize and give effect to both

statutes, we conclude that while sentences under KRS 533.060(3) must be consecutive, the resulting total term of years cannot violate the maximum aggregate sentence cap set forth in KRS 532.110(1)(c)." *Id*. at 239. Mallard argued that since his sentencing also involved a conflict between KRS 532.110(1)(c) and 532.080(6)(b), *Kimmel* required that his illegal sentence be reduced in conformance with the statutory cap of twenty years. For the reasons stated, we disagree.

By Order entered June 6, 2024, the Henderson Circuit Court concluded that Mallard's reliance on *Kimmel* was misplaced, holding that *Kimmel* only applied the maximum aggregate sentence to offenses committed while out on bond awaiting trial for the first offense and did not apply to sentences resulting from prior case convictions. The CR 60.02(f) motion was denied. This appeal followed.

STANDARD OF REVIEW

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). Relief from judgment is available under CR 60.02(f) for any reason of an extraordinary nature justifying relief, and a motion on that ground must be made within a reasonable time. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009). "[B]ecause the trial court and appellate court have

-4-

inherent authority to correct an unlawful sentence at any time," one mechanism a defendant may use to raise a sentencing issue is a CR 60.02 motion. *Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023). Even if agreed to by the parties through a plea agreement, a sentence that is outside the limits established by statutes is still an illegal sentence which cannot stand uncorrected. *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018). Our review proceeds accordingly.

ANALYSIS

Based on our review of the record and applicable law, we believe Mallard's reliance upon *Kimmel*, 671 S.W.3d 230, is misplaced and is clearly distinguishable from the underlying facts of this case. First, *Kimmel* involved the application of KRS 533.060(3), not KRS 532.080(6)(b) which Mallard asserts is applicable to his case. More importantly and relevant to this appeal, in *Kimmel*, all of his various felony charges were tried together, whereas Mallard committed new offenses while being on parole and all of his previous cases were resolved prior to his last plea in the Henderson Circuit Court in 2022.

In *Blackburn v. Commonwealth*, 394 S.W.3d 395, 401 (Ky. 2011), the Supreme Court held that subsequent convictions cannot run concurrently with a paroled offense sentence. And, controlling for this case, the Supreme Court has held that the statutory cap set out in KRS 532.110(1)(c) does not apply to sentences

from previous cases. *Johnson v. Commonwealth*, 553 S.W.3d 213, 219-20 (Ky. 2018).

In *Johnson*, the trial court ordered that defendant's sentence would run consecutively to all other sentences. Because Johnson had a prior conviction in which he was sentenced to ten years, the aggregate term of both sentences exceeded twenty years. *Id.* However, the Supreme Court expressly stated that KRS 532.110(1)(c) did not prohibit running the defendant's sentences consecutively. *Johnson*, 553 S.W.3d at 219-20. The Court held that KRS 532.110(1)(c), did not mandate that the aggregate of defendant's two consecutive sentences be capped at the twenty-year maximum, holding that KRS 532.110(1)(c) did not apply to sentences arising from separate indictments and trials. *Johnson*, 553 S.W.3d at 219-20.

In this case, the convictions and sentences of Mallard in the sundry Henderson County cases had been finalized when Mallard's guilty plea was entered by the Henderson Circuit Court on July 22, 2022. Accordingly, the Henderson Circuit Court correctly determined that the sentence reduction set out in *Kimmel* was not applicable to Mallard's sentence. We agree that the sentencing cap of KRS 532.110(1)(c) is not applicable to limit the total term of years when the

aggregate sentence under consideration results from separate proceedings and convictions. *Johnson*, 553 S.W.3d at 219-20.

For the foregoing reasons, the June 6, 2024, Order of the Henderson Circuit Court denying Mallard's motion for relief is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Andrea Reed
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Office of the Solicitor General
Frankfort, Kentucky