RENDERED:  JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0982-MR

DASHAWN JOHNSON                                    APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 16-CR-00073

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  DaShawn Johnson (Appellant), *pro se*, appeals

from an order of the Henderson Circuit Court denying his Kentucky Rules of Civil

Procedure (CR) 60.02 motion to correct or amend a criminal sentence.  He argues

that he is entitled to relief because his sentence exceeds the sentencing cap.  He

also contends that the order on appeal is arbitrary, unfair, unreasonable, and based

on unsound legal principles.  Appellant seeks an opinion reversing the order on

appeal, and remanding the matter with instructions to correct his sentence. After careful review of the record and the law, we conclude that the issues raised by Appellant were previously adjudicated on direct appeal by the Kentucky Supreme Court. As such, we decline to address these claims of error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 6, 2015, a Henderson County grand jury indicted Appellant on two counts of Trafficking in a Controlled Substance in the First Degree, and with being a Persistent Felony Offender (PFO) in the First Degree.[1] By way of a separate indictment, Appellant was also charged with one count of Possession of a Handgun by a Convicted Felon.[2] Appellant chose a bench trial on the firearm possession charge and was found guilty. The other two charges proceeded to a jury trial in Henderson Circuit Court, resulting in a guilty verdict. Appellant was sentenced to 20 years in prison on the trafficking and PFO charges, to be served consecutively with the 10-year sentence on the felony possession of a handgun charge. Appellant's conviction on all three charges was affirmed by the Kentucky Supreme Court in *Johnson v. Commonwealth*, 553 S.W.3d 213 (Ky. 2018).

---

[1] Kentucky Revised Statutes (KRS) 218A.1412; KRS 532.080(3).

[2] KRS 527.040.

After Appellant's petition for a writ of *habeas corpus* was denied in 2018, he filed a series of CR 60.02 motions. The first motion was filed on January 23, 2019, which was denied by the circuit and affirmed by a panel of this Court.[3] Appellant filed his second CR 60.02 motion on August 12, 2020. That motion was denied and Appellant did not appeal.

Appellant filed his third CR 60.02 motion on August 19, 2024, where he alleged that the circuit court violated the aggregate sentencing cap in KRS 532.110(1)(c) and KRS 532.080(6)(b) when it sentenced him to 20 years in prison, to be served consecutively to his 10-year sentence in the handgun possession case. Appellant argued that the resulting 30-year aggregate sentence was contrary to the statutory scheme.

A hearing on the third motion was conducted on May 25, 2025, after which the circuit court entered an order denying the motion. Appellant's motion to reconsider was also denied and this appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Henderson Circuit Court committed reversible error when it denied his latest CR 60.02 motion for relief. Specifically, and as argued below, Appellant contends that the circuit court violated the

---

[3] *Johnson v. Commonwealth*, No. 2019-CA-0500-MR, 2021 WL 222734 (Ky. App. Jan. 22, 2021).

-3-

aggregate sentencing cap in KRS 532.110(1)(c) and KRS 532.080(6)(b)[4] when it

sentenced him to 20 years in prison, to be served consecutively to his 10-year

sentence on the handgun possession conviction.

We will not address this argument, as it was raised and disposed of in

Appellant's direct appeal. In *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky.

1983), the Kentucky Supreme Court set out the procedure for a post-conviction

collateral attack on a judgment. It stated,

> We hold that the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.
>
> Next, we hold that a defendant is required to avail himself of [Kentucky Rules of Criminal Procedure (RCr)] 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

---

[4] Amended by 2026 Kentucky Laws Ch. 67 (HB 521).

*Id.* at 857. "CR 60.02 . . . may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citation omitted).

Here, the Kentucky Supreme Court disposed of the argument that Appellant now raises via CR 60.02. It stated:

> Lastly, Appellant argues that the length of his sentence violates KRS 532.110(1)(c) and KRS 532.080(6)(b). Those provisions apply to Class B and Class C felonies by placing an upper sentencing limit of twenty years' imprisonment. Appellant was sentenced to serve twenty years total in the present case. However, the trial judge ordered that the sentences run consecutively to any and all other sentences. This includes a prior trafficking conviction where Appellant received a ten-year sentence. Appellant contends that his grand total sentence is thirty years' imprisonment, thus, in violation of KRS 532.110(1) and KRS 532.080(6)(b).
>
> Contrary to Appellant's contention, the relevant sentencing statutes do not extend to sentences resulting from previous cases. Appellant's ten-year sentence resulted from a previous indictment and trial. That case was pending before the Court of Appeals. There was no sentencing error here.

*Johnson*, 553 S.W.3d at 219-20.

The Kentucky Supreme Court found no error when it considered and disposed of the same argument Appellant now raises. Based on *Foley*, we decline to consider Appellant's argument as it was previously addressed on direct appeal.

Further, the law of the case doctrine prevents us from considering an issue previously raised and adjudicated in the same case.

> The law of the case doctrine is an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal[.] That doctrine is the mechanism by which matters once litigated and finally determined remain so.

*TECO Mechanical Contractor, Inc. v. Kentucky Labor Cabinet*, 474 S.W.3d 153, 158 (Ky. App. 2014) (internal quotation marks and citation omitted).

## CONCLUSION

For these reasons, we affirm the order of the Henderson Circuit Court denying Appellant's August 19, 2024 motion seeking CR 60.02 relief.

ALL CONCUR.

BRIEF FOR APPELLANT:

DaShawn Johnson, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky